**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-01989-WJM-MEH

TISHA LEE,

    Plaintiff,

v.

DENVER PUBLIC SCHOOLS,
DAVID SUPPES, in his individual and official capacities,

    Defendants.

**MOTION TO CONSOLIDATE RELATED CASES FOR TRIAL**

Plaintiff, through counsel Darold W. Killmer and Reid R. Allison of KILLMER, LANE & NEWMAN, LLP, hereby submits this Motion to Consolidate Related Cases for Trial, consolidating this action with *Lindsay v. Denver Public Schools*, No. 20-cv-03477-CMA-MEH.

**CERTIFICATE PURSUANT TO D.C.COLO.L.CIVR 7.1(a)**

Counsel for Plaintiff certify that they conferred with counsel for all Defendants regarding the relief requested herein when the pretrial order was submitted. Defendants oppose the relief sought at this time. Defendants' position in the Final Pretrial Order [Doc. 74] is as follows:

> "Defendants assert that Plaintiff's request to consolidate the cases is premature because motions for summary judgment are currently pending before two different judges. Defendants cannot make a determination as to whether the facts and claims are substantially similar, or whether any defendants remaining after the summary judgment rulings would be prejudiced by consolidation, until the summary judgment motions are resolved. Defendants position on consolidation is contingent on which claims and which defendants, if any, survive summary judgment."

## I. INTRODUCTION & LEGAL STANDARD

This case and the *Lindsay* case should be consolidated for trial pursuant to Rule 42(a) of the Federal Rules of Civil Procedure because the cases share many common questions of law and fact and their consolidation would promote judicial efficiency by avoiding duplicative proceedings with the same evidence presented. Knowing that the cast of witnesses is virtually identical in these two cases, the parties agreed to take each deposition in these proceedings once, for purposes of both cases. The substantial similarity and overlap between the cases will be clear to this Court when reviewing the motion for summary judgment briefings in each case. There is every reason to follow the same procedure that the parties agreed to for discovery at trial, where the witnesses called in each case will be substantially the same, and the witnesses' testimony will be focused on similar factual issues. Each plaintiff's legal claims are inexorably intertwined with one another, as Ms. Lindsay provided Ms. Lee with information to support Lee's charge of race discrimination and then each Plaintiff suffered retaliation for this act, taking the form of DPS and Defendant Stephanie Donner's retaliatory termination of Lindsay.

"If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). "The consolidation of actions for trial which appear to be of like nature and concern themselves with the same or similar questions rests within the sound discretion of the trial court . . . ." *Skirvin v. Mesta*, 141 F.2d 668, 672 (10th Cir. 1944); *see also Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978) (holding that the determination of whether to consolidate actions with common questions of law or fact is in the trial court's sound discretion).

2

Rule 42(a) "was designed and intended to encourage such consolidation where possible." *United States v. Knauer*, 149 F.2d 519, 520 (7th Cir. 1945). The moving party "bears the burden of proving consolidation is desirable." *Hercules Indus. v. Yogapipe, Inc.*, No. 21-cv-02719-DDD-NRN, 2022 U.S. Dist. LEXIS 3796, at *1 (D. Colo. Jan. 7, 2022) (citing 5 James W. Moore & Jeremy C. Wicker, *Moore's Federal Practice* 42.04[1], p.42-6 (1994)). And here, Plaintiff (actually, both Plaintiffs[1]) can easily meet this burden.

Both cases are pending before the same court. The plaintiff in *Lindsay v. Denver Public Schools* does not oppose the motion. Both plaintiffs are represented by the same counsel. All Defendants are also represented by the same counsel in each case. The cases involve many common questions of law and fact, as evinced by the similar evidence each plaintiff will present at trial, including the testimony of many of the same witnesses on the same subjects. Ultimately, the consolidation of these cases would promote judicial efficiency that would significantly outweigh any inconvenience, delay, or expense to either party.

## II. ARGUMENT

### A. Both actions involve common questions of law or fact.

Generally, consolidation of cases is appropriate where the common questions of law or fact predominate over any difference between the cases, whether those differences are related to the parties or types of claims involved. *See Attala Hydratane Gas, Inc. v. Lowry Tims Co.*, 41 F.R.D. 164, 165 (N.D. Miss. 1966) ("Consolidation is not limited to actions involving identical

---

[1] The Judge presiding over the lower-numbered case decides consolidation motion. *Touchstone Group, LLC v. Rink*, No. 11-cv-02971-WYD-KMT, 2012 U.S. Dist. LEXIS 98746, at *2-3 (D. Colo. July 16, 2012); *Breaux v. Am. Fam. Mut. Ins. Co.*, 220 F.R.D. 366, 367-68 (D. Colo. 2004) (citing local rule 42.1). A virtually identical motion is being filed with Judge Arguello in the *Lindsay v. DPS* matter. *In re Air Crash Disaster at Detroit Metro. Airport*, 737 F. Supp. 391, 392-93 (E.D. Mich. 1989) ("Attorneys should file motions to consolidate in all of the pending cases.").

3

parties . . . but is available to different parties, such as those involved here, in actions having common questions of fact and law."); *Freyer v. Frontier Airlines, Inc.*, No. 19-cv-03468-CMA-SKC, 2021 U.S. Dist. LEXIS 187922, at *2 (D. Colo. Sept. 30, 2021) (finding pre-trial consolidation appropriate because the cases' common questions of law and fact predominated over the differences, even where one case involved pilots and the other involved flight attendants and each case concerned policies that only applied to those particular plaintiffs).

However, "[R]ule 42(a) does not require *every* question of law (or fact) to be common in both actions," but "[i]nstead . . . the Court need only find '*a* common question of law or fact' in order to trigger the balancing portion of the analysis." *Cope v. Auto-Owners Ins. Co.*, No. 18-cv-0051-WJM-SKC; No. 18-cv-2000-WJM-STX, 2019 U.S. Dist. LEXIS 2536, at *7-8 (D. Colo. Jan. 7, 2019) (quoting Fed. R. Civ. P. 42(a)) (emphasis added).

Actions involve common questions of law or fact when both actions demand the presentation of the same or similar evidence to establish elements of the claims. *EEOC v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998). In *HBE Corp.*, an African American employment manager at a hotel, who had received great performance reviews, was terminated allegedly for poor personnel recordkeeping, an assertion disproven by his immediate supervisor. *Id.* at 549. Though the manager's immediate supervisor was directed to fire him, the supervisor refused because he believed that the termination was racially motivated. *Id.* at 550. As a result, both the employment manager and his immediate supervisor were fired. *Id.* Both the manager and the supervisor filed complaints with the EEOC, and the EEOC filed Title VII suits in each case. *Id.* The manager and supervisor "intervened, asserting claims under both Title VII and" the state human rights act, and the cases were consolidated for trial. *Id.*

On appeal, the court held that consolidation was appropriate because both plaintiffs presented evidence demonstrating the climate of racial hostility at the hotel, as well as the factual circumstances surrounding the manager's termination; this evidence established elements of both parties' causes of action, namely, why the manager was fired, that the supervisor reasonably believed that the manager was terminated because of his race, and that the supervisor was acting in opposition to his employer's directive based on that reasonable belief. *Id.* at 551. Because the evidence presented at trial established elements of both plaintiffs' claims, consolidation served judicial efficiency. *Id.*

Further, when the court finds that common questions of law or fact exist between the actions, it may also in its determination consider whether trying the actions separately might "create a risk of inconsistent results." *FirsTier Bank v. FDIC*, No. 11-cv-03231-CMA-MJW; No. 11-cv-03404-CMA-MJW, 2012 U.S. Dist. LEXIS 64867, at *7 (D. Colo. May 8, 2012) (finding that "judicial efficiency warrant[s] consolidation" because "all three cases involve common questions of law and fact," and to try each separately would risk inconsistent results). And while risk of prejudicing a party or confusing the jury by consolidating cases may be a concern, that concern must be weighed against the risk of inconsistent adjudications if the actions are not consolidated.

Here, both cases have many common questions of law and fact. First, both assert claims under federal and state anti-discrimination and anti-retaliation statutes. These claims are inextricably related, with Lindsay's termination being the basis of the retaliation claims in her own case as well as the retaliation claim in Lee's case[2]. Moreover, Lindsay's evidence and

---

[2] Lee's retaliation claim alleges that DPS terminated Lindsay on pretextual grounds and was motivated by a desire to weaken Ms. Lee's compelling claim of race discrimination. Lindsay provides crucial eyewitness testimony of racist comments about Ms. Lee's efforts to obtain the

5

testimony is fundamental to Lee's case, as Lindsay witnessed unlawful racial discrimination in a hiring process and provided what she had seen and heard to Lee, so that Lee could file her charge of discrimination.

      Second, many of the same witnesses in each case will be called to testify at both trials. Depositions in these cases were shared between the two proceedings, on agreement of counsel, because the same core 8-10 witnesses are likely to testify in each trial and to do so regarding the same or very similar subject matter. Lee and Lindsay, for example, will each testify at length in one another's case, providing centrally important factual bases for the merits of each case. Extensive testimony from the same key defense witnesses will be required on both cases, such as the testimony from Stephanie Donner (who is the white woman who obtained the promotion that Lee should have been selected for, and also centrally involved in the termination of Lindsay shortly thereafter). Critical witness Zach Hermsen, a peer of both Ms. Lee and Ms. Lindsay, and the interim Executive Director during the interview process and a key witness to both sides in both cases, will testify at length in both cases. DPS Human Resources witnesses will testify in both cases. Plaintiffs have designated the same expert witness for damages in both cases. This near-complete overlap in the facts and law is borne out by the parties' currently pending summary judgment briefs in each case. *Compare* [Docs. 66, 71, 80] *with Lindsay v. DPS, et al.,* No. 20-cv-03477-CMA-MEH [Docs. 51, 56].[3]

---

Executive Director promotion, and if Lindsay's credibility could be impaired by a performance-based termination, Lee's case would be weaker.

[3] Defendants have not yet filed their reply to Plaintiff's response to the Motion for Summary Judgment.

### B. <ins>Consolidation at trial would serve judicial efficiency because many of the same witnesses will be called to testify at each trial.</ins>

Rule 42(a) provides "the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." *Breaux v. Am. Fam. Mut. Ins. Co.*, 220 F.R.D. 366, 367 (D. Colo. 2004) (quoting 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2381, at 427 (2d ed. 1995)). The court should consider "whether judicial efficiency is best served by consolidation," in exercising its discretion, and should "weigh[] the saving of time and effort that consolidation would produce against any inconvenience, delay, or expense that consolidation would cause." *Cope*, 2019 U.S. Dist. LEXIS 2536, at *4-5 (quoting *Otter Prods., LLC v. Treefrog Devs., Inc.*, No. 11-cv-02180-WJM-KMT; No. 1:12-cv-03115-WJM-KMT, 2013 U.S. Dist. LEXIS 16666, at *4 (D. Colo. Feb. 7, 2013)).

In exercising its broad discretion, the court may "consolidate cases at the pretrial stage to serve judicial economy, as long as any [juror] confusion or prejudice that may result does not outweigh efficiency concerns." *Int'l Paving Sys., Inc. v. Van-Tulco, Inc.*, 806 F. Supp. 17, 22 (E.D.N.Y. 1992) (implying a presumption in favor of consolidation even where some confusion or prejudice results); *C.T. v. Liberal Sch. Dist.*, 562 F. Supp. 2d 1324, 1346 (D. Kan. 2008) ("[A]ny slight risk of juror confusion and prejudice is significantly outweighed by considerations of judicial efficiency . . . ."). Moreover, any concerns about "juror confusion and possible prejudice can be cured easily with appropriate jury instructions at trial." *Id.*

Consolidation serves judicial efficiency when pre-trial and trial matters are not unnecessarily duplicated. *Otter Prods.*, 2013 U.S. Dist. LEXIS 16666, at *6 n.2 (noting that without consolidation, each trial would require the same witnesses to testify on the same matters in two patent infringement cases). The court should consider whether denying the motion to

7

consolidate "would be an undue burden on witnesses to present the same testimony in [multiple] separate trials, it would be an unnecessary expense on the parties to endure [multiple] separate trials and it would be grossly inefficient use of the court's time and jury recourses." *C.T.*, 562 F. Supp. 2d at 1346.

Here, these cases should be consolidated because it will promote judicial economy by not holding substantially identical trials, in different courtrooms, in front of different judges, and by refraining from empaneling two different juries. These cases should be consolidated for judicial efficiency because virtually all of the same witnesses will be called to testify at both trials if they were separately tried. The judicial efficiency of consolidating these cases is evinced by the fact that the depositions for the witnesses for each of these cases were conducted at the same time for the efficiency of the parties, rather than deposing each witness twice to speak discretely to matter pertaining to either plaintiff.

The efficiency of the plan used during discovery for depositions remains the same for trial: the court will save valuable time and resources by consolidating the cases. Without consolidation, these cases would be set for two separate five-day trials (possibly six), in front of two separate presiding judges, with two separate juries; if the cases were consolidated as they should be, the consolidated case could be tried in seven days, no more than eight. In this case, the parties have a trial date set for the week of December 5, 2022. That date could be used to try the consolidated case and could be completed in these seven trial days.

Lastly, there is no danger of confusing the jury with a consolidated trial. Indeed, the narrative of each case only makes sense in the context of the full telling of the other. All of the most important actors are the same across the two cases. The relevant facts of each case are essentially the same. Plaintiffs' cases are not complicated, and they are indisputably reliant on

and intertwined with each other. Any minimal possible confusion or prejudice "can be cured easily with appropriate jury instructions at trial." *Liberal Sch. Dist.*, 562 F. Supp. 2d at 1346. Real life happens in real time, and both Ms. Lee's and Ms. Lindsay's cases are based upon the events of March through July 2019.  It is most sensible, efficient and fair to have those events presented within the full context of both of these two important civil rights cases.

### III.   CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Court consolidate this action, No. 20-cv-01989-WJM-MEH with *Lindsay v. Denver Public Schools*, No. 20-cv-03477-CMA-MEH.

Respectfully submitted this 18th day of April 2022.

                KILLMER, LANE & NEWMAN, LLP

                *s/ Darold W. Killmer*
                _____
                Darold W. Killmer
                1543 Champa Street, Suite 400
                Denver, CO 80202
                (303) 571-1000
                (303) 571-1001 fax
                dkillmer@kln-law.com

                ATTORNEY FOR PLAINTIFF

### CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Holly E. Ortiz
Mary B. Gray
SEMPLE, FARRINGTON, EVERALL & CASE, P.C.
1120 Lincoln Street, Suite 1308
Denver, Colorado 80203
Phone Number: (303) 595-0941
FAX Number: (303) 861-9608
hortiz@semplelaw.com
mgray@semplelaw.com

KILLMER, LANE & NEWMAN, LLP

*s/ Jesse Askeland*
_____
Jesse Askeland