IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 20-cv-1989-WJM-MEH

TISHA LEE,

    Plaintiff,

v.

DENVER PUBLIC SCHOOLS; and
DAVID SUPPES, in his individual and official capacity,

    Defendants.

## ORDER DENYING MOTION TO CONSOLIDATE RELATED CASES FOR TRIAL

This case is before the Court on Plaintiff Tisha Lee's Motion to Consolidate Related Cases for Trial ("Motion") (ECF No. 81) filed pursuant to Federal Rule of Civil Procedure 42(a), seeking to consolidate this case with *Lindsay v. Denver Public Schools,* Civil Action No. 20-cv-3477-CMA-MEH. Defendants Denver Public Schools and David Suppes, in his individual and official capacities, (jointly "Defendants") oppose the Motion. (ECF No. 86.) Plaintiff filed a reply. (ECF No. 89.)

As the Court to whom the lowest numbered case included in the proposed consolidation is assigned, the Motion is to be decided by this Court. D.C.COLO.LCivR 42.1. Upon consideration of the relevant materials in the two cases and the applicable rules and case law, the Court denies the Motion.

Pursuant to Rule 42(a), actions that involve "a common question of law or fact" may be consolidated. Whether to consolidate is vested in the broad discretion of the district court. *Am. Emp'rs Ins. Co. v. King Res. Co.*, 545 F.2d 1265, 1269 (10th

Cir.1976); *Gillette Motor Trans. v. N. Okla. Butane Co.*, 170 F.2d 711, 712 (10th Cir.1950). "The purpose of Rule 42(a) is 'to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties.'" *Skaggs v. Level 3 Commc'ns, Inc.*, 2009 WL 458682, at *1 (D. Colo. Feb. 24, 2009) (quoting *Breaux v. Am. Family Mut. Ins. Co.*, 220 F.R.D. 366, 367 (D. Colo. 2004)).

In the Motion, Plaintiff argues that this case and *Lindsay* should be consolidated for trial because the cases share many common questions of law and fact and their consolidation would promote judicial efficiency by avoiding duplicative proceedings with the same evidence presented. (ECF No. 81 at 2.) Plaintiff also argues that many of the same witnesses will be called to testify at trial. (*Id.* at 7.)

Despite Plaintiff's arguments, the Court's review of the briefs, as well as the dockets in the two cases, militates against consolidation. *Lee* was filed in July 2020 (*Lee*, ECF No. 1), and *Lindsay* was filed a few months later in November 2020 (*Lindsay*, ECF No. 1). Plaintiff explains that the difference in the timing of filing the two cases is attributable to the staggered timing of the issuances of the 90-day Notice of Right to Sue in the two cases. (ECF No. 89 at 2.) Nonetheless, she states that but for the administrative delays, the two cases could have appropriately been filed together. (*Id.*) Plaintiff points out that she filed a Notice of Related Case on December 23, 2020 as a stopgap, informing the Court of the *Lindsay* action. (ECF No. 36.)

Although Plaintiff states that but for the administrative time differences in the cases, they could have been filed together, her explanation for not moving to consolidate them before now is that she had to confirm, following the completion of

discovery, that her case was "bound up" with *Lindsay*. (*Id.* at 2.)

The Court finds Plaintiff's explanation regarding the eleventh hour filing of the Motion unpersuasive. While Plaintiff explains that the depositions in the two cases were shared between the two proceedings, the Court observes that they have otherwise proceeded separately for almost two years, before two different district judges. The undersigned and United States District Judge Christine Arguello have each decided motions to dismiss in the two separate cases (*Lee*, ECF No. 48; *Lindsay*, ECF No. 33), and motions for summary judgment have been filed separately in the two cases (*Lee*, ECF No. 66; *Lindsay*, ECF No. 51). As Defendants point out, while there is some factual overlap in the two cases, there are also significant differences in the facts, the law, and the defendants, which the Court will not repeat in detail here. (*See* ECF No. 86.)

For the Court the decisive factor here is that, without a meritorious reason for doing so, Plaintiff delayed filing the Motion until after discovery was complete in both actions and seventeen months after the *Lindsay* case was filed. In light of this and the other considerations discussed above the Court, in its discretion, finds that consolidation is not warranted in these cases. Therefore, the Court DENIES Plaintiff's Motion. (ECF No. 81.)

Dated this 14th day of June, 2022.

BY THE COURT:

_____
William J. Martinez
United States District Judge